IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Jason Jermaine Pye,<br>　　Petitioner, | )<br>)<br>) |
| v. | )　　1:14cv116 (TSE/TCB)<br>) |
| Gregory Holloway,<br>　　Respondent. | )<br>)<br>) |

MEMORANDUM OPINION

Jason Jermaine Pye, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of solicitation of a minor by use of a communications device following a bench trial in the Circuit Court for the City of Portsmouth. Respondent has filed a Rule 5 Answer and a Motion to Dismiss with a supporting brief and exhibits, and has provided petitioner the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K). Petitioner has filed no reply. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed.

I. Background

By Order dated September 8, 2011, petitioner was found guilty of soliciting a minor by use of a communications device, in violation of Virginia Code § 18.2-374.3. Case No. CR11000927-01. On December 13, 2011, he received a sentence of thirty (30) years incarceration, with eight years suspended. In its opinion affirming the conviction, the Court of Appeals of Virginia described the evidence as follows:

> [T]he evidence indicated that in March 2011, T.B., a thirteen-year-old
> girl, had been talking to and texting appellant, a twenty-eight-year-old

> man. T.B. and appellant never met, and T.B. originally represented herself to be seventeen years old, claiming she would turn eighteen in two weeks. In a later conversation, however, T.B. informed appellant that her actual age was thirteen.
>
> In the early morning of April 16, 2011, Crystal Arrington (Ms. Arrington), T.B.'s thirty-one-year-old sister, heard T.B.'s phone 'buzz' frequently. Ms. Arrington retrieved T.B.'s phone and saw numerous phone calls and texts from the same number, including a 3:49 a.m. text that read, 'Can I come and get you?' Ms. Arrington called the number and posed as a child by lowering her voice. Ms. Arrington spoke with appellant, who identified himself. Ms. Arrington did not identify herself but asked appellant if he knew of her age. Appellant answered, 'Yes, thirteen.' Ms. Arrington asked appellant, 'Are you okay with that?' Appellant responded, 'Yes, I'm fine. I'm cool as long as you're cool with that.' At one point during the conversation, Ms. Arrington asked appellant where they were going, and appellant responded, 'We're going to my roommate's house to chill and have sex.' Ms. Arrington made plans with appellant to meet in a Wal-Mart parking lot. Appellant then described his vehicle as a white Pontiac Grand Am. Ms. Arrington contacted the police and informed them of the situation.
>
> At the Wal-Mart parking lot, Ms. Arrington approached a white Pontiac Grand Am and tapped on the window. Appellant exited the vehicle, said 'hey,' and hugged Ms. Arrington. Appellant was immediately apprehended by Portsmouth police.

Pye v. Commonwealth, R. No. 2539-11-1 (Va. Ct. App. July 31, 2012), slip op. at 1-2; Resp. Ex. 2. Pye argued on appeal that the evidence was insufficient to sustain the conviction, but the appellate court determined that "[w]hen viewing the evidence in the light most favorable to the Commonwealth, the evidence in the instant matter was sufficient to prove that appellant was guilty of using a communication system to propose sex to a minor under the age of fifteen." Id., slip op. at 4. Petitioner sought further review by the Supreme Court of Virginia, but his petition was refused on November 7, 2012. Pye v. Commonwealth, R. No. 121374 (Va. June 28, 2012); Resp. Ex. 3.

On July 26, 2013, Pye filed a petition for a state writ of habeas corpus, asserting the following claims:

1. Illegal search and seizure of a communications device / ineffective assistance of counsel: the courts failed to provide an administrative warrant to search the cell phone and to seize the cell phone.

2. Incompetence at the time of trial / ineffective counsel as a result of Pye's inability to communicate with trial counsel, inability to follow along during trial, Pye's use of Haldol and Trilophon during trial; Pye's inability to 'focus' during trial, and because Pye did not understand he was not required to testify or understand courtroom procedures.

3. Insanity at the time of offense/ ineffective counsel: Pye was off his medication for a mental health disorder at the time of the crime, and was hearing voices giving him commands at the time of the offense.

By Order dated October 13, 2013, Pye's petition was dismissed. Resp. Ex. 4. The court held that Pye's challenges to the legality of the search and seizure of his cell phone, his competence to stand trial, and his sanity at the time of the offense were not cognizable in habeas corpus and were barred by the rule in Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), cert. denied, 419 U.S. 1108 (1975) (holding that a claim is procedurally defaulted if the petitioner could have raised it on direct appeal but did not). Id. at 3. Pye's claims of ineffective assistance of counsel were denied on the ground that they were "conclusory and refuted by the record of his criminal trial," and because Pye failed to establish that he was prejudiced by counsel's asserted shortcomings. Id. at 4 - 5. Pye took no appeal of that result.

On or about March 4, 2014, petitioner timely filed this federal action, reiterating the same claims he made in his state habeas corpus proceeding. As noted above, respondent has moved to dismiss the petition, and petitioner has filed no reply. Accordingly, this matter is now ripe for disposition. For the reasons which follow, respondent's Motion to Dismiss must be granted, and

the petition must be dismissed, with prejudice.

## II. Exhaustion and Procedural Default

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia must first have presented the same factual and legal claims raised in his § 2254 application to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995); Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002). Here, since Pye took no appeal to the Supreme Court of Virginia after the trial court denied relief on his current claims, the claims remain unexhausted.

However, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162). Here, petitioner's unexhausted claims are incapable of exhaustion, because the thirty-day period during which Pye could have noticed an appeal of the denial of his state habeas corpus petition to the Supreme Court of Virginia has long since

passed. Cf. Va. Supr. Ct. R. 5:9. Thus, the claims are simultaneously exhausted and defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Pye's claims regarding the search and seizure of his cell phone, his competence to stand trial, and his sanity at the time of the offense also are barred for a second reason. When he raised these claims in his state habeas corpus application, the court held that the claims were not cognizable in habeas corpus and were barred by the rule in Slayton v. Parrigan, supra. Where a state court has made an express determination of procedural default, the state court's finding is entitled to a presumption of correctness, provided two foundational requirements are met. See 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, petitioner's claims challenging the search and seizure of his cell phone, his competence to stand trial, and his sanity at the time of the offense also are procedurally defaulted in this federal proceeding for this second reason.

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural

rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied sub. nom Kornahrens v. Moore, 517 U.S. 1171 (1996). Here, as noted above, petitioner has not replied to respondent's Motion to Dismiss, and has made no showing of any of these factors. Moreover, it is apparent from the facts recited by the Court of Appeals quoted above that any attempt by petitioner to claim actual innocence would have failed. Cf. Harris, 489 U.S. at 260. Consequently, the claims raised in this petition are procedurally barred from consideration on the merits.

### III. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted, and this petition must be dismissed with prejudice. An appropriate Order shall issue.

Entered this 15th day of October 2014.

Alexandria, Virginia

T. S. Ellis, III
United States District Judge